J-S52030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONELL WILLIAMS | : | |
| | : | |
| Appellant | : | No. 467 MDA 2018 |

Appeal from the PCRA Order Entered February 19, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000658-2016

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:           **FILED NOVEMBER 27, 2018**

Donnell Williams appeals from the order denying relief on his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Williams' appointed PCRA counsel has filed a Petition to Withdraw and an **Anders**[1] brief. We affirm the order of the PCRA court and grant counsel's request to withdraw.

A jury convicted Williams in 2016 of conspiracy to deliver a controlled substance and criminal use of a communication facility.[2] The pertinent evidence at trial established that a confidential informant ("CI"), who had previously met with Williams and his brothers, called Williams at a certain unregistered telephone number and arranged to buy heroin. The CI testified

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967).

[2] 18 Pa.C.S.A. §§ 903 and 7512(a), respectively.

that the telephone number belonged to Williams, and Detective Mark King testified that the CI had called that number when arranging the drug buy. Detective King also testified that police had found the number in three phones seized during the investigation, including one belonging to Williams' brother, saved under Williams' nickname. After talking to Williams and arranging to buy heroin, the CI went to the location discussed during the call. One of Williams' brothers sold him three bags of heroin, which the CI then turned over to the police. The police submitted one of the three bags for testing, and a lab report confirmed that it contained heroin.

The trial court sentenced Williams to an aggregate of 45 to 120 months' incarceration for the above-listed offenses. We affirmed Williams' judgment of sentence on June 29, 2017. **Commonwealth v. Williams**, No. 1999 MDA 2016 (Pa.Super. 2017) (unpublished memorandum). Williams did not seek review by the Pennsylvania Supreme Court.

Williams filed a timely, *pro se* PCRA petition on September 19, 2017. The PCRA court appointed counsel and held an evidentiary hearing at which both Williams and his trial counsel testified. The PCRA court denied the Petition, and Williams filed this timely appeal.

In this Court, Williams' appointed PCRA counsel filed a Petition to Withdraw as counsel as well as an **Anders** brief stating that Williams' appeal is frivolous. We review the Petition to Withdraw prior to reaching the merits of Williams' claims. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007).

Counsel requesting to withdraw from PCRA representation must file a "no merit" brief that conforms to the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). **See Commonwealth v. Muzzy**, 141 A.3d 509, 510-11 (Pa.Super. 2016). A **Turner/Finley** brief must detail "the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." **Id.** Counsel must send the petitioner a copy of the brief, a copy of counsel's petition to withdraw, and "a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Id.** at 511. If counsel fulfills these requirements, then this Court must conduct its own review of the case, and, if the claims are without merit, permit counsel to withdraw. **Id.**

Here, the brief that Williams' PCRA counsel filed is styled as an **Anders** brief, which is proper in a direct appeal, rather than a **Turner/Finley** brief. However, because an **Anders** brief, which alleges that the issues are frivolous, rather than meritless, affords greater protection to a defendant, we may accept an **Anders** brief in lieu of a **Turner/Finley** brief. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

The instant **Anders** brief details PCRA counsel's review of the case, describes the issues Williams desires to raise on appeal, and explains why counsel believes those issues are frivolous (which presupposes that the issues are meritless); thus, it meets the **Turner/Finley** requirements. Furthermore,

PCRA counsel has appended to his brief a copy of the letter (and envelope) he sent to Williams. In the letter, counsel explained to Williams that his issues are frivolous, stated that he was providing a copy of his *Anders* brief, and advised Williams that he could proceed *pro se*, or "hire an attorney to represent [him]," and "raise any additional issues [he] believe[s] should be brought to [this Court's] attention." *Anders* Br. at Ex. A. As counsel has met the preliminary procedural requirements of *Turner/Finley*, we turn to whether our review indicates that Williams' issues have merit.

In the *Anders* brief, PCRA counsel identifies two issues for appeal: (1) whether the PCRA court erred in not finding counsel ineffective for failing to introduce Williams' telephone records at trial, and (2) whether the PCRA court erred in not finding counsel ineffective for stipulating to the admission of the toxicology report.[3] Williams has not responded to PCRA counsel's request to withdraw or otherwise attempted to represent himself in this appeal.

Our review of a denial of PCRA relief "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to

---

[3] The second of these issues was not originally included in Williams' PCRA Petition. However, because it was raised at the evidentiary hearing, raised in Williams' Pa.R.A.P. 1925(b) statement, discussed by the PCRA court in its Pa.R.A.P. 1925(a) opinion, and addressed by PCRA counsel in the *Anders* brief, and because the Commonwealth, which did not file a brief in this matter, has not argued that Williams waived the issue, we decline to find waiver. However, an issue Williams did raise in his PCRA petition – trial counsel's ineffectiveness for failing to move for severance – that the parties argued at the hearing and the PCRA court addressed in its Pa.R.A.P. 1925(a) opinion, is *not* in Williams' Pa.R.A.P. 1925(b) statement, and was not assessed by PCRA counsel in the *Anders* Brief to this Court. Nor has Williams raised the issue to this Court *via* other counsel or a *pro se* filing.

the prevailing party at the PCRA court level." ***Commonwealth v. Medina***, 92 A.3d 1210, 1214 (Pa.Super. 2014) (*en banc*). We are bound by any credibility determinations made by the PCRA court and supported by the record, but apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Id.*** at 1214-15.

Ineffective assistance is a cognizable claim under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii). "Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." ***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011). Failing to satisfy even one of these factors requires this Court to reject the claim. ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008).

In his first issue, Williams claims his trial counsel was ineffective for failing to obtain and introduce his phone records and text message transcripts, as this evidence would have proven that he had not been in contact with the CI and exonerated him of any guilt.

The PCRA court concluded that this claim was without merit under the first prong of the ineffectiveness test. ***See*** PCRA Court Opinion and Order, filed February 19, 2018, at 15. The PCRA court noted that at the PCRA hearing, Williams' trial counsel testified that, "he believed he would not be able to

obtain text messages in the instant case" and "it was his understanding that without a Court Order, text messages are usually erased from the phone server after forty-eight (48) hours." *Id.* at 14; *see also* N.T., 3/14/18 (PCRA hearing), at 28-29. The court also noted that during trial, Williams' counsel had questioned Detective King on cross-examination regarding whether the Commonwealth had confirmed the alleged communication between the CI and Williams through the examination of phone records. Detective King replied that although he had tried to get the records, "[y]ou can't get messages from the phone company" when the phone number is unregistered. PCRA Ct. Op. at 14-15 (quoting N.T., 9/19/16 (Trial), at 125). The PCRA court found the testimony of trial counsel and Detective King to be credible. *Id.* at 15.[4]

After a review of the record, having accepted the credibility determinations of the PCRA court, and considered the facts in the light most favorable to the Commonwealth, we conclude that Williams has failed to carry his burden to prove that his trial counsel could have obtained any exonerating phone records. Williams did not introduce any evidence at the PCRA hearing to establish that his phone records were available to trial counsel, except for his own testimony that his telephone was not a "burner phone." *See* N.T. (PCRA hearing) at 12. The PCRA court did not find Williams' testimony on this

---

[4] The PCRA court also based its decision on its finding that Williams had never requested that his trial counsel introduce phone records. As we affirm based on the other conclusions of the PCRA court, we need not address the court's conception that counsel cannot be found ineffective for failing to take certain action that was not specifically requested by his client.

point credible, and instead credited the contrary testimony that the records had not been obtainable. As Williams' counsel cannot be found ineffective for failing to obtain records that could not have been obtained, Williams has failed to establish that his claim has merit under the first prong of the ineffectiveness test, and we affirm the PCRA court's denial of relief on this issue.

In his second issue, Williams claims that his trial counsel was ineffective for stipulating to the authenticity of the toxicology report. At the PCRA hearing, Williams clarified that he believes his counsel was ineffective for failing to question the person who produced the report as to why the contents of only one of the three bags of drugs purchased by the CI was tested. *See* N.T. (PCRA hearing) at 19-20. When asked how his proposed line of questioning would have helped his defense, Williams stated that "[i]t would have just [given him] a chance to know and understand what was actually . . . going on with the toxicology report." *Id.* at 21.

We conclude that this issue merits no relief, as Williams has failed to allege how counsel's failure to question the toxicologist regarding the contents of the two untested bags caused Williams prejudice under the third prong of the ineffectiveness test. To establish prejudice, a petitioner must prove that "there is a reasonable probability that the outcome of the proceedings would have been different had counsel not been ineffective in the relevant regard." *Dennis*, 950 A.2d at 954.

First, the admission of the report did not prevent Williams from arguing that the Commonwealth failed to prove that the two untested bags contained

heroin, as the report did not address their contents aside from stating the combined weight. ***See*** Commonwealth's Trial Ex. 6.

Second, based on the facts presented at trial, Williams' conviction for conspiracy to possess heroin with the intent to deliver did not depend upon the quantity of heroin involved in the case. ***See*** 35 P.S. § 780-113(a)(30) (prohibiting the possession with intent to deliver a controlled substance, making no reference to quantity); 35 P.S. § 780-113(f)(1) (stating that any person who violates subsection (a)(30) with respect the a Schedule I narcotic is guilty of a felony); ***see also*** 18 Pa.C.S.A. § 905 (providing that a conviction for conspiracy receives the same grading as the offense which is the object of the conspiracy).

Third, Williams' defense did not depend upon proving whether the bags contained heroin; instead, Williams argued that he was not involved in his brothers' drug-selling scheme. ***See*** N.T. (PCRA hearing) at 37-38.

Fourth, Williams' sentence did not depend upon whether the other two bags contained heroin. Williams' offense gravity score for conspiracy of possession with intent to deliver less than 1 gram of heroin[5] reflected the minimum amount of heroin recognized by the sentencing guidelines for this offense. ***See*** 204 Pa.Code § 303.15 (listing the offense gravity score for possession with intent to deliver less than one gram of heroin as the minimum amount); ***see also*** 204 Pa.Code § 303.3 (stating a conviction for conspiracy

---

[5] The court recognized that Williams' offense gravity score in relation to this offense was 6. ***See*** N.T., 1/19/17 (Sentencing), at 9.

to commit an offense under 35 Pa.C.S. § 780-113 shall receive the offense gravity score of the offense which was the object of the conspiracy). Therefore, even if the jury had only convicted Williams of conspiracy of possession with intent to deliver the amount of heroin contained in the bag which was tested (.17 grams), Williams' offense gravity score would have been the same, and the same sentencing guideline ranges would have been presented to the court at sentencing.

We therefore conclude that Williams has failed to establish how the stipulation to the toxicology report caused prejudice, and affirm the PCRA court's denial of relief on this issue. *See Commonwealth v. Clouser*, A.2d 656, 661 n.3 (Pa.Super. 2010) (stating we may affirm the order of the trial court on any basis).

Order affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/27/2018